EDARDO VALLADARES, Plaintiff and Appellant, v. JOSÉ B. BERRÍOS, AUDITOR OF YABUCOA, Defendant and Appellee.

No. 4305.    Argued February 10, 1928.—Decided July 24, 1928.

*González Fagundo & González Jr.* for the appellant. The appellee appeared *pro se* and at the hearing by *L. Toro Cabañas*.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 16th of July, 1926, Edardo Valladares and Juan Matos Laboy made a contract whereby the latter assigned to the former all his rights to obtain payment from the Municipality of Yabucoa for the construction of a school. The contract was presented to the Municipal Auditor of Yabucoa who endorsed his approval. Thereafter Valladares recovered several amounts, but the municipal auditor refused to approve a certificate for $1,644.03 or to deliver a check therefor and thus a mandamus suit was begun.

The District Court of Humacao decided that the duty of the municipal auditor was not ministerial and hence mandamus did not lie; that in the present case, as the municipal auditor had the right to consult the Auditor of Porto Rico in cases where the legitimacy of a payment was doubtful, and as the municipal auditor was so consulting, he was acting within his discretion.

Section 17 (e) of the rules promulgated by the Auditor of Porto Rico for municipal auditors provides as follows:

"Municipal Auditors may not issue warrants in favor of persons who are not direct creditors of the municipality, or their heirs in case of death; nor shall they acknowledge assignments of earnings of any kind from one person to another, always issuing every warrant in favor of the person who rendered the service or supplied the materials, or his heirs, unless by mutual agreement the assignments are made by authentic document or deed before a notary, it being the duty of the municipal auditor in this case to retain a copy of the said instrument or document as proof of the assignment."

We agree with the appellant, therefore, that the municipal auditor was under a duty to issue a check to the complainant if the contract was duly proved, and that if it was so duly proved the duty of the municipal auditor was ministerial and not discretional. While section 18 gives the municipal auditor the right to consult, if the legality of the payment is doubtful, he can not arbitrarily consult and delay payment if the contract is in good form. We think it was the duty of the court to investigate the legality of the claim

and if it was in due form to order the municipal auditor to pay it. We are somewhat inclined to think that the contract on its face was in good order, but other facts might be developed.

The appellant also insists that he was entitled to a peremptory writ of mandamus because the defendant failed to answer. The court, however, heard him orally and formed the notion that the municipal auditor had a discretion. Unquestionably the court would have given the auditor an opportunity to defend if the court had thought the duty was ministerial.

The judgment will be reversed and the case sent back for further proceedings not inconsistent herewith.